**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Burton Perlman
United States Bankruptcy Judge

**Dated: December 17, 2010**

_____

BK1011919
MNL

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI

| | |
|---|---|
| IN RE: | Case No. 09-13894 |
| Pearlie Mae Deal | Chapter 13<br>Judge Perlman |
| Debtor | **AGREED ORDER ON MOTION FOR RELIEF FROM STAY OF U.S. BANK, N.A. BY AND THROUGH U.S. BANK HOME MORTGAGE ITS SERVICER, FILED HEREIN ON NOVEMBER 16, 2010 DOC. # 47 (PROPERTY ADDRESS: 9279 MONTORO DRIVE, CINCINNATI, OH 45231)** |

This matter having come on before the Court upon the Motion For Relief From Stay filed herein on November 16, 2010 Pacer Document #47 by the secured Movant, U.S. Bank, N.A. by and through U.S. Bank Home Mortgage its servicer (hereinafter "Movant") (Proof of Claim #7-1 per the Claims Register and being Trustee's Claim #2), and upon debtor's response thereto filed herein on December 7, 2010 as Pacer Document #50; and a hearing having been scheduled for December 14, 2010; and it appearing to the Court that the parties have

agreed to a course of action which will permit the continuation of the automatic stay conditioned upon certain provisions incorporated herein for the protection of Movant; and the Court, being otherwise fully advised in the premises, hereby makes the following findings of fact and issues the following Order with respect thereto:

1. The Chapter 13 Plan filed herein on behalf of the debtor provided that said debtor was to make the regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2. In breach of the terms of said Plan, the debtor failed to make certain of the regular monthly mortgage payments to Movant, incurring a total post-petition arrearage of $6,283.63 as of December 31, 2010, which amount consists of:

Post Petition Payments:

| Amount | Date Due |
|---|---|
| 901.13 | July 1, 2010 |
| 901.13 | August 1, 2010 |
| 901.13 | September 1, 2010 |
| 959.42 | October 1, 2010 |
| 959.42 | November 1, 2010 |
| 959.42 | December 1, 2010 |

Post Petition Late Charges:

| Amount | Date Due |
|---|---|
| 28.48 | July 16, 2010 |
| 28.48 | August 16, 2010 |
| 28.48 | September 16, 2010 |
| 38.37 | October 16, 2010 |
| 38.37 | November 16, 2010 |
| 38.37 | December 16, 2010 |

and $500.00 for attorney fees associated with the Motion and $150.00 court costs incurred herein for filing the Motion, less $148.57 in debtor's suspense account.

3. In order to cure said post-petition arrearage, Movant is permitted to file a Supplemental Proof of

Claim in the amount of $6,283.63, which consists of $500.00 for attorney fees associated with the Motion and $150.00 for court costs incurred herein for filing the Motion and said post petition arrears of $5,633.63 thereby reducing the arrearage to $0.00.

4. The Debtor has filed a Modification of the Plan on December 15, 2010 in order to keep the Plan in compliance with 11 U.S.C. Section 1322(d).

5. Movant has filed a Supplemental Proof of Claim in the amount of $6,283.63 as Pacer Claim #14-1.

6. The debtor agrees to recommence her regular monthly mortgage payments on a conduit basis through the Trustee's office beginning with the payment that shall be due January 2011.

7. In the event that the said debtor should fail to pay any future monthly payment within 15 of its due date, or should fail to make each and every described monthly payment hereafter in full to the Trustee beginning with the payment due January 2011, by the last day of the month in which it is due, then, or in any one of those events, Movant shall send a letter or e-mail to debtor and debtor's counsel advising of said default. If the default is not cured within ten (10) days, Movant shall file with the Court an Affidavit certifying that the debtors are in default under the terms of the Agreed Order and tender a proposed Order Granting Final Modification of the Automatic Stay. Upon submission of such Affidavit and Order Granting Final Modification of the Automatic Stay, the Court shall enter the Order, without a hearing, providing Movant, its successors and/or assigns is granted relief from the automatic stay imposed by Section 362 of the Bankruptcy Code. The only grounds for objection to such an Order shall be that payments were timely made.

IT IS SO ORDERED.

/s/ Erin A Jochim, Case Attorney
LERNER, SAMPSON & ROTHFUSS
Bar Registration No. 0077062
Attorneys for Movant
PO Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100 ext. 3920
(513) 354-6464 fax
sohbk@lsrlaw.com

/s/ Daniel S. Zegarski, Attorney for Debtor, VIA E-MAIL AUTHORIZATION
Ohio Supreme Court No. 0065562
Pearlie Mae Deal, Debtor
700 Walnut Street, Suite 202
Cincinnati, OH 45202
(513) 651-4226
zegarskilaw@fuse.net

/s/ Margaret A. Burks, Esq.
Chapter 13 Trustee
Attorney Reg. No. OH 0030377

Francis J. DiCesare, Esq.
Staff Attorney
Attorney Reg. No. OH 0038798

Karolina F. Perr, Esq.
Staff Attorney
Attorney Reg No. OH 0066193

600 Vine Street, Suite 2200
Cincinnati, Ohio 45202
513-621-4488
513 621-2643 Fax

COPIES TO:

DEFAULT LIST

###